## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

LEBARON HORTON,                     )
                                    )
    Plaintiff,                      )
                                    )
    v.                              )    No. 4:26-cv-00052-SPM
                                    )
UNKNOWN CARVER, et al.,             )
                                    )
    Defendants.                     )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on self-represented Plaintiff LeBaron Horton's application to proceed in district court without prepaying fees and costs (Doc. 3), and motion to appoint counsel (Doc. 2). The Court will grant the application and assess an initial partial filing fee of $7.50. The Court will deny without prejudice Plaintiff's motion to appoint counsel. Additionally, after conducting an initial review under 28 U.S.C. § 1915(e)(2), the Court will order Plaintiff to file an amended complaint.

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action without prepayment of fees and costs is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account,

or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2).

Plaintiff has not submitted a certified prison account statement. In his application, he states that he receives between $25 and $50 per month as gifts from his mother. The Court will require Plaintiff to pay an initial partial filing fee of $7.50, which is 20 percent of his average monthly deposit. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If Plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

### Legal Standard on Initial Review

Under 28 U.S.C. §1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. §1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

at 678.  "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

## The Complaint

Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983, alleging Defendants violated his constitutional rights by using excessive force and failing to protect him at the Potosi Correctional Center (PCC).  Named as Defendants are the following correctional officers at PCC:  Lieutenant Carver and John Does 1-3. Plaintiff sues Defendant Carver and John Doe 1 in their individual capacities, and he does not specify the capacity in which he sues John Does 2 and 3.

Plaintiff states that on March 21, 2025, Defendant Carter assaulted him inside his cell with the door closed.  John Does 1-3 witnessed the attack and did nothing to stop it.  After the attack, Plaintiff states Defendants retaliated against him by leaving him cuffed to a restraint bench for more than two hours without water or a bathroom break.  He states, "They . . . [r]efused me my lunch, the proper medical attention to my injuries, took all my personal property such as T.V.[,] clothes, shoes[,] etc." Doc. 1 at 8.

Plaintiff suffered a "busted nose, busted lip, shoulder injury, a chipped tooth and [a] knot on [his] forehead." *Id.* at 5.  He states that he now takes medication for panic and anxiety attacks. *Id.* at 8.  For relief, he seeks compensatory damages of $50,000 to $100,000 and punitive damages of $1 to $2 million.

## Discussion

## I.      Excessive Force Claims—Defendant Unknown Carver

The Eighth Amendment forbids the "unnecessary and wanton infliction of pain" constituting cruel and unusual punishment. *Hudson v. McMillan*, 503 U.S. 1, 9-10 (1992); *see also Burns v. Eaton*, 752 F.3d 1136, 1138 (8th Cir. 2014) ("After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment").   Not every "malevolent touch by a prison guard" involves excessive force. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (quoting *Hudson v. McMillian*, 929 F.2d 1014, 1015 (1990)). When a prison official is accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Jackson v. Gutzmer*, 866 F.3d 969, 974 (8th Cir. 2017); *see also Ward v. Smith*, 844 F.3d 717, 721 (8th Cir. 2016) ("Because the use of force is sometimes required in prison settings, guards are liable only if they are completely unjustified in using force, i.e., they are using it maliciously and sadistically.").  The factors to be considered in determining whether force was used in good faith include "the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted." *Whitley v. Albers*, 475 U.S. 312, 321 (1986).

Plaintiff has not alleged enough factual content in his complaint to allow the Court to determine whether he has stated a plausible claim for excessive use of force. The "core judicial inquiry" requires a Plaintiff to allege some facts regarding the circumstances surrounding the use of force. *See id.* Plaintiff has not alleged any contextual information surrounding the use of force on March 21, 2025. For example, the Court has no information as to why any force was used, why the CO entered Plaintiff's cell, whether there was a disciplinary incident preceding the use of force, etc. And while Plaintiff has alleged the injuries he has suffered, the Court does not know the type and amount of force used by Defendant Carver. Without this information, the Court cannot determine whether Plaintiff has stated a plausible claim.

As to Plaintiff's allegation that he spent two hours in the restraint chair, although his time on the restraint bench might have violated prison policy, it is well established that an internal jail policy does not create a constitutional right. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (*citing Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)); *see also Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) (failure to follow prison policy is not basis for § 1983 liability). Nor does a jail official's failure to follow such a policy or procedure rise to the level of a § 1983 claim. *Phillips*, 320 F.3d at 847.

Generally, Plaintiff's placement on the restraint bench for two hours does not amount to "a substantial risk of serious harm or a deprivation of the minimal

civilized measure of life's necessities." *Crow v. Montgomery*, 403 F.3d 598, 602 (8th Cir. 2005); *see also Jackson v. Gutzmer*, 866 F.3d 969, 977 (8th Cir. 2017) ("This short-term discipline to induce compliance [4 hours on restraint bench], while uncomfortable and unpleasant, was unlikely to be painful or to cause physical or psychological harm to an inmate already in punitive segregation."); *Lockhart v. Reese*, No. 1:16-cv-63-SNLJ, 2018 WL 690989, *4 (E.D. Mo. Feb. 2, 2018) (finding 17 hours on restraint bench not unconstitutional because "the short duration and benign nature of any discomfort that may have occurred does not rise to a constitutional violation."). Additionally, Plaintiff has not alleged any physical injury arising out of his time on the restraint bench. The Prison Litigation Reform Act mandates that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). Plaintiff has not stated a plausible claim of unconstitutional excessive force arising from his placement on the restraint bench.

In sum, Plaintiff has not alleged any contextual information surrounding the circumstances of the alleged assault, and the Court cannot determine whether he has stated a plausible claim of excessive force. Because Plaintiff has made serious allegations, however, the Court will allow him to amend his complaint in accordance with the instructions set forth below.

## II.   Failure to Intervene—Defendants John Does 1-3

The Eighth Amendment imposes upon prison officials the obligation to restore control in tumultuous situations. *Buckner v. Hollins*, 983 F.2d 119, 121 (8th Cir. 1993).  As such, under 42 U.S.C. § 1983, a correctional officer can be held liable for failing to intervene in another officer's constitutional violation.  *See Putman v. Gerloff*, 639 F.2d 415, 423 (8th Cir. 1981); *Buckner*, 983 F.2d at 121-22.  The appropriate standard in cases of a correctional officer's failure to act is deliberate indifference.  *Id.*  "A prison official acts with deliberate indifference to an inmate's safety when the official is present at the time of an assault and fails to intervene or otherwise act to end the assault." *Williams v. Mueller*, 13 F.3d 1214, 1216 (8th Cir. 1994).

Plaintiff alleges John Does 1-3 watched the assault from outside Plaintiff's cell door and failed to intervene.  It is possible that if Plaintiff can plausibly allege Defendant Carver used excessive force, he can plausibly allege John Does 1-3 failed to intervene.  But, the Court need not determine the plausibility of these claims prior to determining the plausibility of Plaintiff's excessive force claims.  The Court will save its initial review of Plaintiff's failure-to-intervene claims until after Plaintiff files his amended complaint.

### Instructions for Amended Complaint

Because Plaintiff is proceeding as a self-represented litigant, he will be allowed to amend his complaint.  Plaintiff should use the Court's form prisoner civil

rights complaint, which the Court will provide. In the "Statement of Claim" section, Plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff is required to allege facts demonstrating the personal responsibility of each Defendant for harming him. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). That is, if Plaintiff is alleging an excessive use of force, for example, he must allege more than the bare assertion that an officer assaulted him. He should allege contextual information surrounding the use of force, for example, whether Defendants were responding to an event, why they entered his cell, what preceded the alleged use of force, etc. In addition to alleging his injuries, he should allege the amount and type of force used by officers, i.e., what did the officer do to assault Plaintiff.

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005). After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. If Plaintiff fails to file an amended complaint on a Court-provided form within 21 days

in accordance with these instructions, the Court will dismiss this action without prejudice and without further notice to Plaintiff.

**Motion to Appoint Counsel**

Plaintiff's motion to appoint counsel will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in the district court without prepaying fees and costs is **GRANTED**.  Doc. [3]

**IT IS FURTHER ORDERED** that Plaintiff must pay an initial partial filing fee of $7.50 within 30 days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it:  (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail Plaintiff the Court's form prisoner civil rights complaint.

**IT IS FURTHER ORDERED** that within 21 days of the date of this Order, Plaintiff shall file an amended complaint in accordance with the instructions set forth in this Order.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel is **DENIED** without prejudice.  Doc. [2]

**IT IS FURTHER ORDERED** that if Plaintiff fails to file an amended complaint in accordance with these instructions, his case will be dismissed without prejudice and without further notice to Plaintiff.

Dated this 15th day of July, 2026.

                                                 _____

                                                HENRY EDWARD AUTREY
                                   UNITED STATES DISTRICT JUDGE